IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTIAN OWENS, | No. 4:22-CV-01571 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| DEB, *et al.*, | |
| Defendants. | |

MEMORANDUM OPINION

FEBRUARY 23, 2023

Plaintiff Christian Owens filed the instant *pro se* Section 1983[1] action while incarcerated at the Franklin County Jail in Chambersburg, Pennsylvania. He has since been released from custody. Because it is clear from the face of Owens' pleadings that he cannot state a claim for relief, the Court will dismiss his case but provide him the opportunity to amend.

I.   **STANDARDS OF REVIEW**

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted[.]"[2] This language closely tracks

---

[1] 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).
[2] 28 U.S.C. § 1915(e)(2)(B)(ii).

Federal Rule of Civil Procedure 12(b)(6). Accordingly, courts apply the same standard of review to Section 1915(e)(2)(B)(ii) as they utilize when resolving a motion to dismiss under Rule 12(b)(6).[3]

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[4] The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[5] In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[6]

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[7] At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."[8] Second, the court should distinguish well-

---

[3] *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).
[4] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).
[5] *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).
[6] *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).
[7] *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).
[8] *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).

pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[9] Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[10] Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[11]

Because Owens proceeds *pro se*, his pleadings are to be liberally construed and his second amended complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[12]

## II.  DISCUSSION

The gravamen of Owens' second amended complaint[13] is that his food was tampered with and contaminated while he was incarcerated at Franklin County Jail. He alleges that kitchen workers "Deb, Tiffany, Kerry, and Katherine are allowing inmates to tamper with [his] food."[14] He claims that his food trays were arriving

---

[9] *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[10] *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[11] *Iqbal*, 556 U.S. at 681.
[12] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).
[13] Owens initially filed a complaint naming four kitchen workers as defendants, then filed an amended complaint naming three different prison officials. *See generally* Docs. 1, 4. The Court explained that Owens' amended complaint superseded his original pleading and would not include the claims against the kitchen workers, but granted Owens leave to file a second amended complaint to name all seven defendants if desired. *See* Doc. 7. Owens filed a second amended complaint in response, Doc. 9, which is now the operative pleading.
[14] Doc. 9 ¶ 1.

with a "foul odor," smelling like feces or spit.[15] He further alleges that "feces," "urine," and "hair" were being "placed/cooked/rubbed on" his food.[16] He also asserts that items are sometimes missing from his trays.[17] Owens sues the four kitchen workers (Deb, Tiffany, Kerry, and Katherine), as well as "Sauble, Weller, and Scott," who appear to be supervisory prison officials to which he has complained about the food issues.[18] Owens' second amended complaint is deficient for multiple reasons.

### A.   Personal Involvement

It is well established that, in Section 1983 actions, liability cannot be "predicated solely on the operation of *respondeat superior*."[19] Rather, a Section 1983 plaintiff must aver facts that demonstrate "the defendants' personal involvement in the alleged misconduct."[20] Personal involvement can include direct wrongful conduct by a defendant, but it can also be demonstrated through allegations of "personal direction" or of "actual knowledge and acquiescence"; however, such averments must be made with particularity.[21]

---

[15]  *Id.* ¶¶ 2, 9.
[16]  *Id.* ¶¶ 1, 3, 4, 8.
[17]  *Id.* ¶ 5.
[18]  *Id.* ¶¶ 6, 7, 11, 14.
[19]  *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted); *see also Ashcroft v. Iqbal*, 556. U.S. 662, 676 (2009) (affirming same principle in *Bivens* context).
[20]  *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citing *Rode*, 845 F.2d at 1207).
[21]  *Id.* (quoting *Rode*, 845 F.2d at 1207).

None of Owens' allegations include personal involvement by Sauble, Weller, or Scott. Owens simply claims that these Defendants are "in charge" and are allowing the food tampering to occur or are "not doing enough to prevent it" or investigate it.[22] These allegations connote vicarious liability, which is inapplicable to Section 1983 claims. Moreover, to the extent that Owens' claims rely on Sauble's, Weller's, or Scott's involvement in the grievance process, it is well settled that involvement in the post-incident grievance process alone does not give rise to Section 1983 liability.[23] Consequently, Owens has failed to state a claim for relief against these Defendants and they must be dismissed.[24]

### B. Eighth Amendment Claim

Owens' claims against the kitchen workers appear to be grounded in the Eighth Amendment's prohibition of cruel and unusual punishment, sounding in a conditions-of-confinement claim. His allegations, however, fail to rise to the level of a constitutional violation.

---

[22] Doc. 9 ¶ 14.
[23] *See Dooley*, 957 F.3d at 374 (affirming dismissal of claims against prison officials for lack of personal involvement when officials' "only involvement" was "their review and denial of [plaintiff]'s grievance"); *Lewis v. Wetzel*, 153 F. Supp. 3d 678, 696-97 (M.D. Pa. 2015) (collecting cases); *Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006) (nonprecedential); *Alexander v. Gennarini*, 144 F. App'x 924, 925 (3d Cir. 2005) (nonprecedential) (explaining that prisoner's claims against certain defendants were "properly dismissed" because the allegations against them "merely assert their involvement in the post-incident grievance process").
[24] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

"[T]he Constitution does not mandate comfortable prisons, and prisons . . . which house persons convicted of serious crimes[] cannot be free of discomfort."[25] Nevertheless, the state cannot subject an inmate to cruel and unusual punishment or "inhumane treatment," such as deprivation of "identifiable human need[s]" like "food, warmth, or exercise."[26]  To prevail on an Eighth Amendment conditions-of-confinement claim, a plaintiff must show both objective and subjective elements.[27] Objectively, the prisoner must demonstrate that "the prison official deprived the prisoner of the minimal civilized measure of life's necessities," often referred to as a "sufficiently serious" deprivation.[28]  Subjectively, the prisoner must show that "the prison official acted with deliberate indifference" to the prisoner's "health or safety."[29]  Deliberate indifference means that the defendant "acted or failed to act despite having knowledge that her actions or inaction, as the case may be, would subject the inmate to a substantial risk of serious harm."[30]

Owens' claims of food tampering fail to state a sufficiently serious deprivation to implicate the Eighth Amendment's protections.  He does not complain that he was deprived of food for an extended time, or that he ate the

---

[25] *Thomas v. Tice*, 948 F.3d 133, 139 (3d Cir. 2020) (second alteration in original) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)).
[26] *See Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 226 (3d Cir. 2015) (quoting *Wilson v. Seiter*, 501 U.S. 294, 304 (1991)).
[27] *See id.*
[28] *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 843 (1994); *Wilson*, 501 U.S. at 297).
[29] *Id.* (citing *Farmer*, 511 U.S. at 834).
[30] *Id.* at 227 (citing *Farmer*, 511 U.S. at 842).

contaminated food and suffered an injury.[31] Multiple district courts in this circuit have rejected similar food-tampering allegations as insufficient to state an Eighth Amendment claim.[32] Moreover, to the extent that Owens alleges that other inmates were contaminating his food, this type of allegation does not implicate personal involvement by the kitchen-worker defendants. The claims against Deb, Tiffany, Kerry, and Katherine, therefore, must also be dismissed.

### C. Leave to Amend

Generally, "*in forma pauperis* plaintiffs who file complaints subject to dismissal under [28 U.S.C. § 1915(e)(2)] should receive leave to amend unless amendment would be inequitable or futile."[33] The Court will grant Owens leave to amend his complaint to cure, if possible, the deficiencies identified above as to his Section 1983 claim against the kitchen workers. Because Sauble, Weller, and Scott had no personal involvement in the alleged constitutional violation, the claims against them will be dismissed with prejudice.

---

[31] *See Rieco v. Moran*, 633 F. App'x 76, 78 (3d Cir. 2015) (nonprecedential) (finding claim deficient where inmate-plaintiff failed to allege that he ate contaminated food causing an injury) (citing *Robles v. Coughlin*, 725 F.2d 12, 15 (2d Cir. 1983) ("prison officials may violate the Eighth Amendment by serving unsanitary, spoiled or contaminated food if the prisoner also alleges that he or she suffered a distinct and palpable injury")).

[32] *See, e.g.*, *Vargas-Marrero v. Pa. Dep't of Corr.*, No. 22-cv-2342, 2022 WL 3155409, at *4 (E.D. Pa. Aug. 8, 2022); *Rieco v. Moran*, No. 14-cv-0588, 2015 WL 1898140, at *4 (W.D. Pa. Apr. 24, 2015) (adopting report and recommendation); *Rodriguez v. Wetzel*, No. 2:14-cv-0324, 2015 WL 1033842, at *12 (W.D. Pa. Mar. 9, 2015) (adopting report and recommendation); *Miller v. Fraley*, No. 12-cv-4470 (MAS), 2015 WL 511296, at *8 (D.N.J. Feb. 6, 2015).

[33] *Grayson*, 293 F.3d at 114.

## III. CONCLUSION

Based on the foregoing, the Court will dismiss Owens' second amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Limited leave to amend will be granted. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge