IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTIAN OWENS, | No. 4:22-CV-01571 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| DEB, *et al.*, | |
| Defendants. | |

MEMORANDUM OPINION

JANUARY 31, 2024

Plaintiff Christian Owens filed the instant *pro se* Section 1983[1] action while incarcerated at the Franklin County Jail in Chambersburg, Pennsylvania. Presently before the Court is Defendants' motion to dismiss Owens' third amended complaint—his fourth attempt to plead a constitutional violation. For the reasons that follow, the Court will grant in part and deny in part Defendants' motion.

I.   BACKGROUND

Owens initiated this case in October 2022, naming four kitchen workers at Franklin County Jail (FCJ) as defendants.[2] Those workers were "Deb," "Kerr[i]," "Tiffany," and "Katherine" (collectively, "kitchen Defendants"), whom defense

---

[1]   42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

[2]   *See generally* Doc. 1.

counsel subsequently identified as Deborah Jones, Kerri Lippy, Tiffany Brindle, and Katherine Collins.[3] Owens then filed an amended complaint just a few days later naming three different prison officials: Deputy Warden Scott, Deputy Warden Weller, and Captain Sauble.[4] The Court issued an Order[5] explaining to Owens that his amended complaint superseded his original pleading and would not include his initial claims against the kitchen workers, but granted him leave to file a second amended complaint to plead his claims against all seven defendants, if desired.[6]

Owens filed a second amended complaint as directed, which included his claims against all defendants.[7] The Court screened that pleading pursuant to 28 U.S.C. § 1915(e)(2)[8] and dismissed it for failure to state a claim upon which relief may be granted.[9] Specifically, the Court found that Owens had failed to plead personal involvement for the three non-kitchen FCJ officials, noting that his allegations against them sounded only in vicarious liability.[10] The Court additionally found that Owens' Eighth Amendment conditions-of-confinement

---

[3] *See* Doc. 33 at 1 n.1.  The Court will refer to these Defendants by their first names to avoid confusion, as this is how they are identified in Owens' pleadings.
[4] *See generally* Doc. 4.
[5] Doc. 7.
[6] *See id.* at 2-3.
[7] *See generally* Doc. 9.
[8] The Court did not rely on 28 U.S.C. § 1915A for screening because, at the time Owens filed his second amended complaint, he was not incarcerated.  *See* Doc. 8 at 1.  Owens was subsequently re-incarcerated at FCJ.  *See* Doc. 19 at 8.
[9] *See generally* Docs. 12, 13.
[10] *See* Doc. 12 at 4-5.

claim concerning alleged food tampering failed to rise to the level of a constitutional violation.[11]

The Court accordingly dismissed Owens' second amended complaint but granted limited leave to amend.[12] The Court gave Owens one final chance to amend his Eighth Amendment claims against the kitchen Defendants and dismissed the three non-kitchen officials with prejudice because they plainly lacked personal involvement in the food tampering allegations—the basis of Owens' lawsuit.[13]

Owens timely filed a third amended complaint,[14] which is the operative pleading in this action. Owens alleges that from approximately July 2022 to September 2022, while in disciplinary segregation, he received food trays that were "tampered with" and had "urine, spit, feces, hair, and other foreign objects placed or smeared on the food and trays."[15] Owens avers that he refused to eat these contaminated trays and was consequently "put on a food log" and lost 30 pounds.[16]

He additionally claims that from the second week in September until his release from FCJ on November 8, 2022, his Kosher diet "came tampered with" and

---

[11] *See id.* at 5-7.
[12] *See id.* at 7-8.
[13] *See id.*; Doc. 13 ¶ 2.
[14] Doc. 19.
[15] *Id.* ¶¶ 15-16.
[16] *Id.* ¶ 18.

that parts of his meals were withheld.[17] Owens alleges that he contacted Deb in the kitchen multiple times about the issues with his food but "nothing [was] done."[18]

As in the earlier versions of his complaint, Owens contends that the constant food tampering violated his Eighth Amendment rights. In this fourth iteration of his pleadings, he appears to attempt to add—for the first time—a First Amendment retaliation claim and a claim under the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C. § 2000cc. Owens also cites the Fourteenth Amendment but does not include any allegations that would state a Fourteenth Amendment claim, nor does he ever identify what type of Fourteenth Amendment claim he is asserting, if any.

The remaining kitchen Defendants[19] have moved to dismiss the third amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[20] After Defendants filed their brief in support, Owens sought leave of court to file a fourth amended complaint.[21] The Court denied that motion on July 19, 2023.[22] As the Court explained, Owens had already amended his pleading three previous times. Furthermore, he had failed to provide any basis for his request to amend and

---

[17] *Id.* ¶¶ 19-20, 24.
[18] *Id.* ¶ 21.
[19] Owens attempted to include two of the three non-kitchen defendants (Sauble and Weller) in his third amended complaint, but the Court will not address those claims because all claims against the non-kitchen defendants were dismissed with prejudice. *See* Doc. 13 ¶ 2.
[20] *See generally* Doc. 33.
[21] *See* Doc. 38.
[22] *See* Doc. 39.

likewise had failed to comply with Local Rule 15.1 by, among other things, failing to attach the proposed amended pleading to his motion to amend.[23] Owens challenged that July 19 Order by filing an interlocutory appeal[24] with the United States Court of Appeals for the Third Circuit. On December 8, 2023, the Third Circuit dismissed Owens' appeal for failure to timely prosecute.[25]

Two days before the Third Circuit dismissed Owens' appeal, this Court issued an Order[26] notifying Owens that he had so far failed to oppose Defendants' motion to dismiss. That Order informed Owens that if he did not file a brief in opposition within 14 days, the Court—pursuant to Local Rule 7.6—would deem Defendants' motion to dismiss to be unopposed.[27]

Owens has failed to respond to that Order or file a brief in opposition, so Defendants' motion to dismiss is therefore deemed unopposed.[28] Nevertheless, the Court will review the sufficiency of Owens' third amended complaint to determine if any of his claims survive Rule 12(b)(6) scrutiny.

## II. STANDARD OF REVIEW

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), courts should not inquire "whether a plaintiff will ultimately prevail but

---

[23] *See id.* (citing LOCAL RULE OF COURT 15.1).
[24] Doc. 40.
[25] *See* Doc. 44.
[26] Doc. 43.
[27] *See id.*; LOCAL RULE OF COURT 7.6.
[28] *See* LOCAL RULE OF COURT 7.6.

whether the claimant is entitled to offer evidence to support the claims."[29] The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[30] In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[31]

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[32] At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."[33] Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[34] Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[35]

---

[29] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).
[30] *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).
[31] *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).
[32] *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).
[33] *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).
[34] *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[35] *Id.* (quoting *Iqbal*, 556 U.S. at 679).

Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[36]

Because Owens proceeds *pro se*, his pleadings are to be liberally construed and his third amended complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[37] This is particularly true when the *pro se* litigant, like Owens, is incarcerated.[38]

## III. DISCUSSION

The gravamen of Owens' third amended complaint is that his food was tampered with and contaminated by FCJ employees, violating his Eighth Amendment rights. He further alleges that these actions were a form of retaliation and that they violated RLUIPA. Defendants challenge the sufficiency of each of Owens' claims. Owens' third amended complaint suffers from numerous pleading deficiencies, which the Court will address in turn.

### A. Personal Involvement

It is well established that, in Section 1983 actions, liability cannot be "predicated solely on the operation of *respondeat superior*."[39] Rather, a Section 1983 plaintiff must aver facts that demonstrate "the defendants' personal

---

[36] *Iqbal*, 556 U.S. at 681.
[37] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).
[38] *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).
[39] *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted); *see also Ashcroft v. Iqbal*, 556. U.S. 662, 676 (2009) (affirming same principle in *Bivens* context).

involvement in the alleged misconduct."[40]  Personal involvement can include direct wrongful conduct by a defendant, but it can also be demonstrated through allegations of "personal direction" or of "actual knowledge and acquiescence"; however, such averments must be made with particularity.[41]  Furthermore, it is equally settled that involvement in the post-incident grievance process alone does not give rise to Section 1983 liability.[42]

As noted above, Owens sues four kitchen workers: Deb, Kerri, Tiffany, and Katherine.  His third amended complaint, however, is silent about the alleged action (or inaction) of Tiffany or Katherine that Owens claims violated his constitutional rights.  The only specific allegations in the entire pleading with respect to Tiffany and Katherine are that they "handle day to day [sic] affairs and food handling at FCJ,"[43] and that Tiffany instructed Owens that—while on a Kosher diet—he was only allowed to eat his Kosher meals while working in the kitchen.[44]  Neither of these allegations implicates involvement in the violation of a constitutional right.

---

[40]  *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citing *Rode*, 845 F.2d at 1207).
[41]  *Id.* (quoting *Rode*, 845 F.2d at 1207).
[42]  *See id.* at 374 (affirming dismissal of claims against prison officials for lack of personal involvement when officials' "only involvement" was "their review and denial of [plaintiff]'s grievance"); *Lewis v. Wetzel*, 153 F. Supp. 3d 678, 696-97 (M.D. Pa. 2015) (collecting cases); *Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006) (nonprecedential); *Alexander v. Gennarini*, 144 F. App'x 924, 925 (3d Cir. 2005) (nonprecedential) (explaining that prisoner's claims against certain defendants were "properly dismissed" because the allegations against them "merely assert their involvement in the post-incident grievance process").
[43]  Doc. 19 ¶ 5.
[44]  *Id.* ¶ 8.

The only other time that Owens mentions Tiffany or Katherine is when he lumps all the kitchen Defendants together and broadly alleges that they "did not provide [a] full diet, and allow [sic] tampering of food that inmates could do to aid and facilitate unsanitary food."[45] But these allegations do not establish personal involvement by any single kitchen worker; instead, they attempt to assert broad, collective action by all Defendants without specifying what each Defendant did or did not do that violated Owens' constitutional rights. Any claims against Tiffany and Katherine, therefore, must be dismissed for lack of personal involvement.

### B.   Eighth Amendment Claims

Even if Owens had plausibly alleged personal involvement by each of the kitchen Defendants, his Eighth Amendment claims against Tiffany and Katherine fall short for a separate reason.

"[T]he Constitution does not mandate comfortable prisons, and prisons . . . which house persons convicted of serious crimes[] cannot be free of discomfort."[46] Nevertheless, the state cannot subject an inmate to cruel and unusual punishment or "inhumane treatment," such as deprivation of "identifiable human need[s]" like "food, warmth, or exercise."[47] To prevail on an Eighth Amendment conditions-of-

---

[45]   *Id.* ¶ 27.
[46]   *Thomas v. Tice*, 948 F.3d 133, 139 (3d Cir. 2020) (second alteration in original) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)).
[47]   *See Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 226 (3d Cir. 2015) (quoting *Wilson v. Seiter*, 501 U.S. 294, 304 (1991)).

9

confinement claim, a plaintiff must show both objective and subjective elements.[48] Objectively, the prisoner must demonstrate that "the prison official deprived the prisoner of the minimal civilized measure of life's necessities," often referred to as a "sufficiently serious" deprivation.[49] Subjectively, the prisoner must show that "the prison official acted with deliberate indifference" to the prisoner's "health or safety."[50] Deliberate indifference means that the defendant "acted or failed to act despite having knowledge that her actions or inaction, as the case may be, would subject the inmate to a substantial risk of serious harm."[51]

Owens' Eighth Amendment claims against Tiffany and Katherine fail because Owens has not plausibly alleged that these kitchen workers had knowledge of the food contamination and acted with deliberate indifference toward Owens' health or safety. In contrast to his claims against Deb and Kerri (in which Owens asserts that he raised concerns to these Defendants about the food problems),[52] Owens does not plausibly allege facts indicating that Tiffany or Katherine were ever informed of the food tampering and its effect on Owens and were deliberately

---

[48] *See id.*
[49] *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 843 (1994); *Wilson*, 501 U.S. at 297).
[50] *Id.* (citing *Farmer*, 511 U.S. at 834).
[51] *Id.* at 227 (citing *Farmer*, 511 U.S. at 842).
[52] *See* Doc. 19 ¶¶ 14, 21.

indifferent to a risk to his health.[53] Thus, the Eighth Amendment claims against Tiffany and Katherine must be dismissed for this additional deficiency.

### C. First Amendment Retaliation

Although a prisoner's constitutional rights are necessarily circumscribed, an inmate still retains First Amendment protections when they are "not inconsistent" with prisoner status or with the "legitimate penological objectives of the corrections system."[54] To state a First Amendment retaliation claim, a plaintiff must plausibly plead that (1) "he was engaged in constitutionally protected conduct," (2) he suffered an "adverse action" by prison officials sufficient to deter a person of ordinary firmness from exercising his First Amendment rights, and (3) the plaintiff's protected conduct was a "substantial or motivating factor" in the prison officials' decision to take the adverse action.[55]

There are a variety of ways to establish causation for a First Amendment retaliation claim. One method is to show "unusually suggestive" timing between the protected conduct and the adverse action.[56] When a plaintiff relies solely on

---

[53] Although Owens asserts that "Deb, Kerr[i], Tiffany, and Katherine . . . "knowingly . . . violated my Eighth Amendment rights," (*id.* ¶ 27), such legal conclusions are not entitled to the presumption of truth. Moreover, while Owens alleges that he "consulted" with the kitchen Defendants about minor food issues regarding the contents of a soy Kosher diet versus a non-soy Kosher diet, (*id.* ¶¶ 6-7), these allegations are not the type of food-related claims that rise to the level of an Eighth Amendment violation.

[54] *Wisniewski v. Fisher*, 857 F.3d 152, 156 (3d Cir. 2017) (quoting *Newman v. Beard*, 617 F.3d 775, 781 (3d Cir. 2010)).

[55] *Id.* (quoting *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001)); *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003) (quoting *Rauser*, 241 F.3d at 333).

[56] *See Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007).

circumstantial evidence of temporal proximity, the time between the protected conduct and the adverse action is often measured in days rather than weeks or months.[57] However, there is no "bright line rule limiting the length of time that may pass between a plaintiff's protected speech and an actionable retaliatory act by a defendant."[58] Another approach is to demonstrate "a pattern of antagonism coupled with timing."[59] Finally, causation can be inferred "from the evidence gleaned from the record as a whole."[60] Logically, a plaintiff asserting retaliation "will have to show . . . that the decision maker had knowledge of the protected activity[.]"[61]

Owens does not directly allege that any kitchen Defendant retaliated against him. He does, however, mention retaliation several times and repeatedly references the First Amendment. To the extent that his third amended complaint can be liberally construed as asserting a retaliation claim against Deb, Kerri, Tiffany, or Katherine, those claims do not survive Rule 12(b)(6) scrutiny.

Owens vaguely alleges that he filed "grievances and [a] lawsuit," and that he "feel[s]" that his food was allowed to be tampered with as retaliation for this

---

[57] *See Conard v. Pa. State Police*, 902 F.3d 178, 184 (3d Cir. 2018).
[58] *Id.*
[59] *DeFlaminis*, 480 F.3d at 267.
[60] *Watson v. Rozum*, 834 F.3d 417, 424 (3d Cir. 2016) (citing *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 281 (3d Cir. 2000)).
[61] *Moore v. City of Philadelphia*, 461 F.3d 331, 351 (3d Cir. 2006) (citation omitted).

protected conduct.[62] These claims lack a plausible causal connection to Defendants. Owens does not specify what "lawsuit" he is talking about, and he has filed a significant amount of *pro se* litigation in this Court.[63] Nor does he indicate if he filed grievances that name or implicate any particular Defendant. Simply claiming that he filed a "lawsuit" or "grievances" does not establish knowledge of the protected conduct or a retaliatory motive for any of the kitchen Defendants. It is well settled that causation cannot be inferred simply by asserting that a plaintiff pursued some protected activity (like a lawsuit or prison grievance) against a defendant or nonparty prison official who is not the alleged perpetrator of the retaliatory adverse action.[64] Such general allegations fail to establish or even infer

---

[62] *See* Doc. 19 ¶¶ 7, 25, 26, 32.

[63] Owens is a prolific *pro se* litigant who has struck out under the PLRA. *See Owens v. Williams*, No 4:23-cv-00898, Doc. 12 at 1 & n.1; Doc. 12 at 3 & n.10 (M.D. Pa. Aug. 9, 2023). It does not appear that any of Owens other active lawsuits targeted the kitchen Defendants. Although Owens filed an earlier version of the instant case, *see Owens v. Carrie*, No. 4:22-cv-00553 (M.D. Pa.), that lawsuit was dismissed shortly after it was lodged due to Owens' failure to pay the filing fee or submit an application to proceed *in forma pauperis*, *see id.*, Doc. 4. Thus, no defendant was served in that case.

[64] *See, e.g.*, *Nunez v. Wetzel*, No. 1:21-cv-01484, 2023 WL 2385931, at *5 (M.D. Pa. Mar. 6, 2023) (collecting cases); *Kendrick v. Hann*, No. 1:19-cv-01642, 2021 WL 2914986, at *9 (M.D. Pa. July 12, 2021); *Murray v. Smithbower*, No. 1:17-cv-0127, 2021 WL 1103524, at *7 (M.D. Pa. Mar. 23, 2021); *Horan v. Collins*, No. 1:13-cv-00140, 2016 WL 5030468, at *6 (M.D. Pa. Aug. 8, 2016); *Victor v. Lawler*, No. 3:07-cv-2058, 2010 WL 5014555, at *5 (M.D. Pa. Dec. 3, 2010); *Evans v. Rozum*, No. 07-cv-230J, 2009 WL 5064490, at *22 (W.D. Pa. Dec. 17, 2009) ("[T]here is no apparent reason why [the moving defendants] would want to retaliate against Plaintiff for filing a lawsuit against others." (second alteration in original)); *Royster v. Beard*, No. 1:06-cv-0842, 2008 WL 2914516, at *6 (M.D. Pa. July 24, 2008) (concluding that plaintiff failed to satisfy the causal connection for his retaliation claim against defendant because previous grievance did not name or impact that defendant), *aff'd* 308 F. App'x 576 (3d Cir. 2009) (nonprecedential) (agreeing with district court analysis).

knowledge of the protected conduct and they likewise fail to show why a defendant would take the alleged adverse action.

Consequently, Owens' retaliation claims—to the extent he is asserting one against any of the kitchen Defendants—must be dismissed for lack of causation.

### D. RLUIPA Claim

In one paragraph of his third amended complaint, Owens includes a cursory assertion that the alleged food tampering also violated RLUIPA.[65] If Owens is attempting to allege a claim under RLUIPA by that single passing reference, he has not done so.

Section 3 of RLUIPA provides, in relevant part, that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability," unless the government establishes that the burden furthers "a compelling interest," and does so by the "least restrictive means."[66] RLUIPA defines "religious exercise" to include "any exercise of religion, whether or not compelled by, or central to, a system of religious belief."[67]

To state a claim under RLUIPA, a plaintiff must allege that the prison placed a "substantial burden" on the plaintiff's sincerely held religious belief.[68] "[A]

---

[65] Doc. 19 ¶ 33.
[66] 42 U.S.C. § 2000cc-1(a)(1), (2).
[67] *Id.* § 2000cc-5(7)(A); *see also Cutter v. Wilkinson*, 544 U.S. 709, 715 (2005).
[68] *See Washington v. Klem*, 497 F.3d 272, 277-78 (3d Cir. 2007).

substantial burden exists where: (1) a follower is forced to choose between following the precepts of his religion and forfeiting benefits otherwise generally available to other inmates versus abandoning one of the precepts of his religion in order to receive a benefit; or (2) the government puts substantial pressure on an adherent to substantially modify his behavior to violate his beliefs."[69] If a prisoner-plaintiff establishes a substantial burden on a sincerely held religious belief, the burden shifts to the defendant to show that the policy or practice furthers a compelling government interest and is the least restrictive means of doing so.[70]

Owens' RLUIPA claim fails for two reasons. First, he has not identified a sincerely held religious belief that has been burdened. From the third amended complaint, it can be inferred that Owens is (or at least claims to be) Jewish,[71] which faith mandates consumption of a specific Kosher diet.[72] But Owens' own pleading undermines any assertion that he has a sincerely held belief in following a Kosher diet as part of his Jewish faith. Owens admits that he voluntarily eats regular food,[73] and even asked to be switched from a Kosher diet to a regular diet.[74]

Even if Owens had plausibly alleged a sincerely held religious belief, he has not pled facts showing that a prison policy or practice substantially burdened the

---

[69] *Id.* at 280.
[70] *See Holt v. Hobbs*, 574 U.S. 352, 361-62 (2015) (quoting 42 U.S.C. § 2000cc-1(a)).
[71] *See* Doc. 19 ¶ 33.
[72] *See id.* ¶ 24.
[73] *Id.* ¶ 9.
[74] *Id.* ¶ 12.

practice of that belief. The thrust of Owens' lawsuit is that rogue food handlers at FCJ—either the kitchen Defendants or inmate workers whom they supervised—tampered with his meals (both regular and Kosher) to retaliate against him for First Amendment activity. Under no reading of Owens' third amended complaint could it be inferred that there is a policy or practice at FCJ to serve contaminated meals to inmates which substantially burdens the exercise of their faith. Nor has Owens alleged that he was ever denied a Kosher diet. Owens' RLUIPA claim, therefore, cannot survive Rule 12(b)(6) scrutiny.[75]

### E.     Leave to Amend

Generally, "*in forma pauperis* plaintiffs who file complaints subject to dismissal under Rule 12(b)(6) should receive leave to amend unless amendment would be inequitable or futile."[76] Further leave to amend will be denied because Owens has failed to cure numerous deficiencies with his pleadings even after "amendments previously allowed."[77] Owens, in fact, has had four opportunities to attempt to state a claim for relief. This case, therefore, will continue only as to

---

[75] To the extent Owens may be attempting to raise a First Amendment free exercise claim, that claim fails too. *See Adams v. Corr. Emerg. Response Team*, 857 F. App'x 57, 60 (3d Cir. 2021) (nonprecedential) (noting that because RLUIPA provides greater protections for a prisoner's religious exercise, "a claim that cannot satisfy RLUIPA's threshold merits inquiry necessarily fails as to the First Amendment").

[76] *Grayson*, 293 F.3d at 114.

[77] *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (concluding that, where inmate plaintiff "has already had two chances to tell his story," providing "further leave to amend would be futile").

Owens' Eighth Amendment condition-of-confinement claims against defendants Deb and Kerri.

## IV. CONCLUSION

Based on the foregoing, the Court will grant in part and deny in part Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge
