IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTIAN OWENS,<br><br>           Plaintiff,<br>     v.<br><br>DEB, *et al.*,<br><br>           Defendants. | No. 4:22-CV-01571<br><br>(Chief Judge Brann) |

MEMORANDUM OPINION

AUGUST 16, 2024

Plaintiff Christian Owens was previously incarcerated at Franklin County Jail (FCJ), located in Chambersburg, Pennsylvania.[1]  He filed the instant *pro se* Section 1983[2] action claiming constitutional violations by various FCJ officials.  All but two defendants were dismissed from this action for failure to state a claim upon which relief may be granted.  Presently pending is the motion for summary judgment under Federal Rule of Civil Procedure 56 filed by the two remaining Defendants.  Because Owens fails to carry his summary judgment burden on his remaining Section 1983 claims, the Court will grant Defendants' Rule 56 motion.

---

[1]  Owens' current whereabouts are unknown, as he is no longer incarcerated and has not updated his address with the Court.  *See* Docs. 49, 50.

[2]  42 U.S.C. § 1983.  Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials.  The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law.  *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

I. **FACTUAL BACKGROUND**[3]

Owens initiated this case in October 2022, naming four kitchen workers at FCJ as defendants.[4] Those workers were "Deb," "Kerr[i]," "Tiffany," and "Katherine" (collectively, "kitchen Defendants"), whom defense counsel subsequently identified as Deborah Jones, Kerri Lippy, Tiffany Brindle, and Katherine Collins.[5] Owens then filed an amended complaint just a few days later naming three different prison officials: Deputy Warden Scott, Deputy Warden Weller, and Captain Sauble.[6] The Court issued an Order[7] explaining to Owens that his amended complaint superseded his original pleading and would not include his initial claims against the kitchen workers, but granted him leave to file a second amended complaint to plead his claims against all seven defendants, if desired.[8]

Owens filed a second amended complaint as directed, which included his claims against all Defendants.[9] The Court screened that pleading pursuant to 28

---

[3] Local Rule of Court 56.1 requires that a motion for summary judgment be supported "by a separate, short, and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried." LOCAL RULE OF COURT 56.1. A party opposing a motion for summary judgment must file a separate statement of material facts, responding to the numbered paragraphs set forth in the moving party's statement and identifying genuine issues to be tried. *Id.* Defendants filed their statement of material facts, (Doc. 52), but Owens failed to respond to that statement. Accordingly, the Court will deem admitted the facts in Defendants' Rule 56.1 statement. *See* LOCAL RULE OF COURT 56.1.
[4] *See generally* Doc. 1.
[5] *See* Doc. 33 at 1 n.1. The Court will refer to these Defendants by their first names to avoid confusion, as this is how they are identified in Owens' pleadings.
[6] *See generally* Doc. 4.
[7] Doc. 7.
[8] *See id.* at 2-3.
[9] *See generally* Doc. 9.

U.S.C. § 1915(e)(2)[10] and dismissed it for failure to state a claim upon which relief may be granted.[11] Specifically, the Court found that Owens had failed to plead personal involvement for the three non-kitchen FCJ officials, noting that his allegations against them sounded only in vicarious liability.[12] The Court additionally found that Owens' Eighth Amendment conditions-of-confinement claims concerning alleged food tampering failed to rise to the level of a constitutional violation.[13]

The Court accordingly dismissed Owens' second amended complaint but granted limited leave to amend.[14] The Court gave Owens one final chance to amend his Eighth Amendment claims against the kitchen Defendants and dismissed the three non-kitchen officials with prejudice because they plainly lacked personal involvement in the food tampering allegations—the basis of Owens' lawsuit.[15]

Owens timely filed a third amended complaint,[16] which is the operative pleading in this action. Owens alleged that from approximately July 2022 to September 2022, while in disciplinary segregation, he received food trays that were

---

[10] The Court did not rely on 28 U.S.C. § 1915A for screening because, at the time Owens filed his second amended complaint, he was not incarcerated. *See* Doc. 8 at 1. Owens was subsequently re-incarcerated at FCJ. *See* Doc. 19 at 8.
[11] *See generally* Docs. 12, 13.
[12] *See* Doc. 12 at 4-5.
[13] *See id.* at 5-7.
[14] *See id.* at 7-8.
[15] *See id.*; Doc. 13 ¶ 2.
[16] Doc. 19.

3

"tampered with" and had "urine, spit, feces, hair, and other foreign objects placed or smeared on the food and trays."[17] Owens averred that he refused to eat these contaminated trays and was consequently "put on a food log" and lost 30 pounds.[18]

He additionally claimed that from the second week in September until his release from FCJ on November 8, 2022, his Kosher diet "came tampered with" and that parts of his meals were withheld.[19] Owens alleged that he had contacted Deb in the kitchen multiple times about the issues with his food but "nothing [was] done."[20]

As in the earlier versions of his complaint, Owens contended that the constant food tampering violated his Eighth Amendment rights. In the fourth iteration of his pleadings, he attempted to add—for the first time—a First Amendment retaliation claim and a claim under the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C. § 2000cc.[21] Owens also cited the Fourteenth Amendment but did not include any allegations that would state a Fourteenth Amendment claim, nor did he ever identify what type of Fourteenth Amendment claim he may have been asserting.

---

[17] *Id.* ¶¶ 15-16.
[18] *Id.* ¶ 18.
[19] *Id.* ¶¶ 19-20, 24.
[20] *Id.* ¶ 21.
[21] *Id.* ¶¶ 31-34.

Defendants moved to dismiss Owens' third amended complaint pursuant to Federal Rule of civil Procedure 12(b)(6).[22] The Court largely granted that motion.[23] All Section 1983 claims were dismissed with prejudice except Owens' Eighth Amendment conditions-of-confinement claims against defendants Deb and Kerri.[24]

Defendants Deb and Kerri now move for summary judgment on the remaining conditions-of-confinement claims.[25] Owens has failed to respond to Defendants' Rule 56 motion in any way. The deadline for a responsive pleading has long since passed, so Defendants' unopposed motion for summary judgment is ripe for disposition.

## II.   STANDARD OF REVIEW

"One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses."[26] Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[27] Material facts are those "that could alter the outcome" of the litigation, and "disputes are

---

[22] *See generally* Doc. 33.
[23] *See generally* Docs. 45, 46.
[24] *See* Doc. 46 ¶¶ 1-3.
[25] Doc. 51.
[26] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).
[27] FED. R. CIV. P. 56(a).

'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct."[28]

At the Rule 56 stage, the Court's function is not to "weigh the evidence and determine the truth of the matter" but rather "to determine whether there is a genuine issue for trial."[29] The Court must view the facts and evidence presented "in the light most favorable to the non-moving party" and must "draw all reasonable inferences in that party's favor."[30] This evidence, however, must be adequate—as a matter of law—to sustain a judgment in favor of the nonmoving party on the claim or claims at issue.[31] A "scintilla of evidence" supporting the nonmovant's position is insufficient; "there must be evidence on which the jury could reasonably find for the [nonmovant]."[32] Succinctly stated, summary judgment is "put up or shut up time" for the nonmoving party.[33]

## III. DISCUSSION

Defendants contend that Owens is unable to meet his Rule 56 burden because he cannot adduce any competent evidence to establish a genuine issue of

---

[28] *EBC, Inc. v. Clark Bldg. Sys., Inc.*, 618 F.3d 253, 262 (3d Cir. 2010) (*quoting Clark v. Modern Grp. Ltd.*, 9 F.3d 321, 326 (3d Cir. 1993)).
[29] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).
[30] *Thomas v. Cumberland County*, 749 F.3d 217, 222 (3d Cir. 2014).
[31] *Liberty Lobby*, 477 U.S. at 250-57; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-89 (1986).
[32] *Daniels v. Sch. Dist. of Phila.*, 776 F.3d 181, 192 (3d Cir. 2015) (quoting *Liberty Lobby*, 477 U.S. at 252) (alteration in original).
[33] *Daubert v. NRA Grp., LLC*, 861 F.3d 382, 391 (3d Cir. 2017) (quoting *Berkeley Inv. Grp. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006)).

material fact as to his Eighth Amendment conditions-of-confinement claims. The Court agrees.

### A. Failure to Oppose Rule 56 Motion

First, Owens has failed to carry his burden at summary judgment because he has not opposed Defendants' Rule 56 motion in any way. Owens has not identified any record evidence that would rebut Defendants' contention (and supporting evidence) that they took no action that would violate Owens' Eighth Amendment rights. Owens has not, for example, pointed to a declaration or affidavit, witness statements, documentary support, or any other evidence that could sustain a verdict in his favor. In fact, Owens has not even responded to Defendants Rule 56 motion, meaning that—pursuant to Local Rule 7.6—the motion is deemed unopposed.[34]

At summary judgment, "the non-moving party must oppose the motion and, in doing so, may not rest upon the mere allegations or denials of his pleadings but, instead, must set forth specific facts showing that there is a genuine issue for trial. Bare assertions, conclusory allegations, or suspicions will not suffice."[35] Moreover, "[t]he court need consider only the cited materials" when ruling on a motion for summary judgment.[36] No materials have been provided or cited by

---

[34] *See* LOCAL RULE OF COURT 7.6 (stating that failure to file a brief in opposition to a motion, including one for summary judgment, results in said motion being deemed "unopposed").
[35] *Jutrowski v. Township of Riverdale*, 904 F.3d 280, 288-89 (3d Cir. 2018) (alteration omitted) (quoting *D.E. v. Cent. Dauphin Sch. Dist.*, 765 F.3d 260, 268-69 (3d Cir. 2014)).
[36] FED. R. CIV. P. 56(c)(3).

Owens in opposition to Defendants' Rule 56 motion. Thus, because Owens has failed to establish that there is a genuine dispute of material fact for trial, the Court must grant Defendants' motion for summary judgment.

### B.   Merits of Eighth Amendment Claim

A second reason that summary judgment must be granted in Defendants' favor is that, upon consideration of the record, there is no evidence that would sustain a verdict in Owens' favor on the conditions-of-confinement claim.

"[T]he Constitution does not mandate comfortable prisons, and prisons . . . which house persons convicted of serious crimes[] cannot be free of discomfort."[37] Nevertheless, the state cannot subject an inmate to cruel and unusual punishment or "inhumane treatment," such as deprivation of "identifiable human need[s]" like "food, clothing, shelter, medical care, and reasonable safety[.]"[38]

To prevail on an Eighth Amendment conditions-of-confinement claim, a prisoner-plaintiff must plausibly allege both objective and subjective elements.[39] Objectively, the inmate must demonstrate that "the prison official deprived the prisoner of the minimal civilized measure of life's necessities," often referred to as a "sufficiently serious" deprivation.[40] "The benchmark for alleging such

---

[37]   *Thomas v. Tice*, 948 F.3d 133, 139 (3d Cir. 2020) (second alteration in original) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)).
[38]   *See Helling v. McKinney*, 509 U.S. 25, 32 (1993) (citation omitted).
[39]   *See Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 226 (3d Cir. 2015)
[40]   *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 843 (1994); *Wilson*, 501 U.S. at 297).

deprivation is not that the inmate was merely uncomfortable; he or she must show they [were] 'incarcerated under conditions posing a substantial risk of serious harm.'"[41]

Subjectively, the prisoner must show that "the prison official acted with deliberate indifference" to the prisoner's "health or safety."[42]  Deliberate indifference means that the defendant "acted or failed to act despite having knowledge that her actions or inaction, as the case may be, would subject the inmate to a substantial risk of serious harm."[43]  Deliberate indifference is a high bar and requires a plaintiff to show that the defendant "recklessly disregard[ed] a substantial risk of serious harm."[44]

Even when viewing the evidence in a light most favorable to Owens, there is no evidence of deliberate indifference by either Deb or Kerri.  The Rule 56 record plainly shows that, when Owens filed complaints regarding his food, Kerri promptly investigated those complaints and provided explanations to Owens.[45]  No contamination or tampering of Owens' meal trays was discovered.[46]  Kerri even went as far as to have a corrections lieutenant oversee the preparation of Owens' Kosher meals.[47]  Finally, neither Deb nor Kerri contaminated, or witnessed the

---

[41] *Clark v. Coupe*, 55 F.4th 167, 179 (3d Cir. 2023) (quoting *Farmer*, 511 U.S. at 834).
[42] *Chavarriaga*, 806 F.3d at 226 (citing *Farmer*, 511 U.S. at 834).
[43] *Id.* at 227 (citing *Farmer*, 511 U.S. at 842).
[44] *Palakovic v. Wetzel*, 854 F.3d 209, 227 (3d Cir. 2017) (citation omitted).
[45] Doc. 52 ¶¶ 5-13.
[46] *See id.*
[47] *Id.* ¶ 13.

contamination of, Owens' meal trays.[48]

Thus, even if the Court would reach the merits of Owens' Eighth Amendment claim (despite his failure to oppose the instant Rule 56 motion), Defendants' motion for summary judgment must be granted. That is because there is no record evidence of deliberate indifference by Defendants.

## IV.   CONCLUSION

Based on the foregoing, the Court will grant Defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[48]   *Id.* ¶¶ 14-17.